UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTHONY EUGENE LEWIS, ) CASE NO. C10-0267-RSL
)
    Plaintiff, )
)
v. ) REPORT AND RECOMMENDATION
)
ELDON VAIL, et al., )
)
    Defendants. )
_____)

    Plaintiff Anthony Eugene Lewis, who is currently incarcerated at the Monroe Correctional Complex–Special Offender Unit ("MCC-SOU"), has filed an application to proceed *in forma pauperis* ("IFP") with a civil rights action brought under 42 U.S.C. § 1983 and various other statutes. (Dkts. 1, 1-2.) The Court recommends DENYING plaintiff's application to proceed IFP based on the three-strikes rule of 28 U.S.C. § 1915(g), and directing him to pay the $350 filing fee in order to proceed with his complaint.

    A prisoner may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought civil actions that were dismissed for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

REPORT AND RECOMMENDATION
PAGE -1

*See* 28 U.S.C. § 1915(g). Plaintiff has brought at least four federal civil-rights actions that were dismissed for failure to state a claim upon which relief may be granted, and three of these were specifically determined to be "strikes" pursuant to § 1915(g). *See Lewis v. King County*, C09-1039-RSL (W.D. Wash., dismissed Feb. 8, 2010) (referring to § 1915(g)); *Lewis v. Vail*, C09-5047-EFS (E.D. Wash., dismissed Feb. 3, 2010) (referring to § 1915(g)); *Lewis v. King County*, C01-1246-JCC (W.D. Wash., dismissed Jan. 23, 2002) (referring to § 1915(g)); *Lewis v. King County*, C01-1195-MJP (W.D. Wash., dismissed Nov. 27, 2001) (not referring specifically to § 1915(g)); *see generally O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008) (holding that an IFP action is "brought" for purposes of imposing § 1915(g) strikes "when he submits a complaint and request to proceed in forma pauperis to the court"). Accordingly, plaintiff appears to have at least four strikes under § 1915(g) and may not proceed unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that once the prisoner has been placed on notice by the district court of potential disqualification for IFP status under § 1915(g), "the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status").

Plaintiff alleges that defendants are conducting unconstitutional religious discrimination against his practice of voodoo because they decline to confine him to his cell in lieu of requiring him to participate in education and work programs, transferred him to MCC-SOU instead of keeping him within the general prison population, and have retaliated against him for filing *Lewis v. Vail*, C09-5047-EFS (E.D. Wash., dismissed Feb. 3, 2010). (Dkt. 1-2, at 9–13.) In a proposed motion for injunctive relief and appointment of counsel,

plaintiff demands immediate release from MCC-SOU into a single-person cell in the general population at Monroe Correctional Complex–Washington State Reformatory ("MCC-WSR"). (Dkt. 1-3, at 17.)   Plaintiff contends that defendants have erroneously diagnosed his belief in voodoo as a mental illness, and that their failure to allow him to be housed in a single-person cell in the general prison population constitutes cruel and unusual punishment.   (Id., at 3–4.) Plaintiff contends that he "has been threatened with irreparable injury of involuntary medication in order to get plaintiff to comply with any mental health treatment."   (Dkt. 1-2, at 5; *see* Dkt. 1-3, at 7.)

The Court recommends that plaintiff's IFP application be denied because it finds that plaintiff has not shown that he is under imminent danger of serious physical injury.   Plaintiff alleges that he faces the imminent threat of being medicated against his will but fails to support this conclusory allegation with any facts.   Plaintiff does not specify who made this threat, when, and in what context.   Plaintiff does not suggest that defendants have ever forced him to take medications.   He does not allege that defendants have decided to medicate him involuntarily, that such decision is pending, or that such a decision would or could be made without affording him due-process protections.   Plaintiff filed numerous emergency grievances with prison officials, but according to his own account of the facts, these grievances center upon defendants' failure to accept that plaintiff's refusal to enter work and educational programs is based upon a sincere religious belief in voodoo, and upon plaintiff's assertion that he should not be housed in a prison facility that treats offenders with mental-health issues. (*See, e.g.*, Dkt. 1-3, at 7–9.)   If plaintiff had been transferred from prison to a mental hospital, such a decision would implicate a liberty interest because placement in a mental hospital is "not

within the range of conditions of confinement to which a prison sentence subjects an individual." *Vitek v. Jones*, 445 U.S. 480, 493 (1980). Here, however, plaintiff is confined in a prison facility that has a special capacity to treat inmates with mental-health issues and seeks to be released to a different prison unit within the same correctional complex. There is no right to incarceration in the prison of one's choice. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). There is no indication that plaintiff is required to participate involuntarily in mental-health treatment. In fact, he states that, after being interviewed by an MCC-SOU psychiatrist, plaintiff "signed the mental health authorization form refusing to receive any such mental health treat[ment]." (Dkt. 1-3, at 7; see Dkt. 1-2, at 5.) Plaintiff's speculative and generalized fears of harm based upon conclusory allegations of unspecified persons threatening to medicate him involuntarily on some unspecified date—and upon the mere fact of being housed in a shared cell in MCC-SOU—do not persuade the Court that he is in imminent danger of serious physical injury.

The Court recommends DENYING plaintiff's application to proceed IFP (Dkt. 1), and directing him to pay the $350 filing fee within thirty (30) days of the date of the Order adopting this Report and Recommendation. The Clerk is directed to send copies of this Order to plaintiff and to the Honorable Robert S. Lasnik.

DATED this 23rd day of February, 2010.

Mary Alice Theiler
United States Magistrate Judge